Debt [by Gilpin, judge of the orphans' court, for the use of Faxon] on the administration bond of Crandell, who was a surety in Dyson's administration bond, for the non-payment of a debt due from Dyson, the intestate, and for which a judgment had been recovered by Faxon against Dyson's administratrix. The defendant pleaded that Dyson's administratrix had performed the conditions of the administration bond. The plaintiff replied that she had not, in this: that Faxon had recovered judgment against her de bonis intestatoris, for $59, upon which a fieri facias was returned nulla bona, and that she had assets, but wasted them; to which there was a general replication and issue.

E. J. Lee, for defendant, contended that he had a right to prove a devastavit in this case, in the same manner as if the plea had been pleaded by Dyson's administratrix herself in a suit against her.

But THE COURT (nem. con.) was of opinion, under the decisions in Virginia, that this suit was not maintainable; as no devastavit had been established in a suit against Dyson's administratrix.

[See Case No. 4,705.]

GILPIN (EDGERTON v.). See Case No. 4,-280.

GILPIN v. O'NEILL. See Case No. 3,924.

## Case No. 5,450.

### GILPIN v. OXLEY.

[1 Cranch, C. C. 568.] [1]

Circuit Court, District of Columbia. July Term, 1809.

PRINCIPAL AND SURETY—ADMINISTRATION BOND—PROOF OF DEBT.

An action will not lie against the sureties in an administration bond, until the plaintiff shall have proved his debt and a devastavit, in an action against the administrator.

Debt [by Gilpin, judge of the orphans' court] on an administration bond against the administrator of Henley and his sureties. The breach alleged is the non-payment of two promissory notes made by Henley.

Mr. Taylor, for Murgatroyd, one of the sureties, prayed the court to instruct the jury that no suit can be supported against the sureties, until the debt has been established by a suit against the administrator, and nulla bona returned upon an execution de bonis testatoris. Braxton v. Winslow, 1 Wash. [Va.] 31.

E. J. Lee, contra. The object of the bond is to secure creditors. If the administrator runs away, the plaintiff can get no judgment against him. And if his sureties are not liable, he will have no remedy. The sureties

[1] [Reported by Hon. William Cranch, Chief Judge.]

may require counter security. In Braxton v. Winslow, the suit was against the sureties only. The executor was not a party to the suit. In Turner v. Chinn's Ex'rs, 1 Hen. & M. 53, the court of appeals say the question is not decided; and they leave the question open, whether the return, that the executor had removed to Kentucky, was sufficient to charge the sureties. As to guardians' bonds, there is no such decision. Call v. Ruffin, 1 Call, 333.

THE COURT stopped Mr. Taylor in reply, considering the point as settled by the court of appeals in Virginia. Nonsuit.

## Case No. 5,451.

### GILPIN v. PLUMMER.

[2 Cranch, C. C. 54.] [1]

Circuit Court, District of Columbia. July Term, 1812.

LIMITATIONS—ACTION ON BOND—DEVISEE OF OBLIGOR—RESIDENCE OF PARTIES—PAYMENT BY EXECUTOR.

1. The Maryland statute of limitations of twelve years, is a bar to an action against the devisee of the obligor. brought in Alexandria upon a bond executed and assigned in Maryland; all the parties having continued to reside in Maryland until the expiration of the twelve years.

2. A payment of part of the debt, by the executor, within the twelve years, does not take the case out of the statute, as to the heirs and devisees.

Debt, in Alexandria [by Gilpin, as assignee, etc.], against the devisee of the obligor of a bond, made in Maryland, and due in the year 1788; more than twelve years before the commencement of the suit. All the parties resided in Maryland until the expiration of the twelve years. The bond was assigned to the plaintiff, in Maryland, but not in such form as the Maryland law required to enable the assignee to bring a suit upon it in his own name. This objection was taken in argument, but not decided by the court. The defendant pleaded the Maryland statute of limitations, 1715, c. 23, § 6, by which it is enacted "that no bill, bond, judgment, recognizance, statute merchant, or of the staple. or other specialty whatsoever," (except such as shall be taken in the name of the king, &c.) "shall be good and pleadable, or admitted in evidence against any person or persons of this province, after the principal debtor and creditor shall have been both dead twelve years, or the debt or thing in action above twelve years standing;" "saving," &c. To this plea the plaintiff replied a payment made by the executor in 1798; to which replication the defendant demurred.

Mr. Swann, for defendant, made two points. (1) That the Maryland statute was a bar; all the parties having resided there until the

[1] [Reported by Hon. William Cranch, Chief Judge.]